IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SHERWIN V. KOYLE,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SAND CANYON CORPORATION, and WELLS FARGO BANK NATIONAL ASSOCIATION,**<br><br>    **Defendants.** | **AMENDED** [1]<br><br>**RULING & ORDER**<br><br>**Case No. 2:15-cv-00239**<br><br>**Magistrate Judge Dustin B. Pead** |

On March 8, 2016, this court issued its ruling granting Defendant Wells Fargo's motion for summary judgment and denying Plaintiff Sherwin Koyle's cross motion. (Dkt. No. 52.) Mr. Koyle appealed. On April 26, 2017, the Tenth Circuit affirmed the court's ruling. (Dkt. No. 66.) Thereafter, Mr. Koyle filed two motions for rehearing. (Dkt. No. 67, Dkt. No. 68.) This court denied Plaintiff's motions and instructed Plaintiff not to submit any additional filings under the closed District Court case. (Dkt. No. 69, May 9, 2017 "Order"; *see also* March 29, 2016 Docket Entry, "Civil Case Terminated").

On July 11, 2017, Mr. Koyle filed a petition for writ of certiorari with the United States Supreme Court. (Dkt. No. 74.) His petition and request for a rehearing were denied.

---

[1] This filing amends the court's earlier Order (ECF No. 79) to reflect the correct date of the summary judgment ruling. (ECF No. 52.) The Amended Ruling & Order fixes this clerical error, but does not alter any of the legal conclusions reached in the court's original Order. (ECF No. 79.)

Recently, on March 5, 2018, Plaintiff filed a motion for relief from judgment (Dkt. No. 75) and, on March 20, 2018, Plaintiff submitted an Affidavit requesting issuance of a temporary restraining order to stop the Trustee Sale scheduled "either for March 26, 2018 or April 2, 2018." (Dkt. No. 76, ¶5.)

Mr. Koyle seeks relief from judgment based claims of fraud and misconduct by Defendants and the discovery of new evidence. Pursuant to Rule 60 of the Federal Rules of Civil Procedure:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment order or proceeding for the following reasons:
>
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or]
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . .

Fed. R. Civ. P. 60(b)(2)(3). A motion for relief from judgment under subsections (2) and (3) "must be made within a reasonable time---and . . . no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The District Court entered judgment in favor of Defendants on March 8, 2016. (Dkt. No. 52.) As a result, Mr. Koyle's motion for relief---filed nearly two years later on March 5, 2018---is untimely.[2] Mr. Koyle asserts, however, that his motion is not time barred because the one year period was "tolled when the case was transferred by the Court to the 10th Circuit Court of

Appeals and was restarted when the appellate court returned jurisdiction to this Court on April 26, 2017." (Dkt. No 75, ¶20.)  This is incorrect. The one-year limitations period applicable to Mr. Koyle's claims is "absolute" and runs from the date the District Court judgment was entered. Fed. R. Civ. P. 60(c)(1); *see Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir. 2000). Further, the pendency of an appeal does not toll the one-year time period. *Tool Box, Inc. v. Ogden City Corp.,* 419 F.3d 1084, 1087 (10th Cir. 2005); *see also King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (per curiam); *Berwick Grain Co v. Ill. Dep't of Agric.,* 189 F.3d 556, 559 (7th Cir. 1999); *Fed. Land Bank v. Cupples Bros.,* 889 F.2d 764, 766-67 (8th Cir. 1989); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989); *Moolenaar v. Gov't of Virgin Islands,* 822 F.2d 1342, 1346 n. 5 (3d Cir. 1987); *Greater Boston Television Corp. v. FCC,* 149 U.S. App. D.C. 322, 463 F.2d 268, 280 (D.C. Cir. 1971)*.* Accordingly, Plaintiff's motion for relief from judgment is untimely and denied.

Plaintiff's case is closed. (Dkt. No. 69, May 9, 2017 "Order"; *see also* March 29, 2016 Docket Entry, "Civil Case Terminated"). The merits of Plaintiff's claims have been addressed. Mr. Koyle's affidavit in support of a restraining order improperly seeks to re-litigate issues surrounding foreclosure and sale of "the Property" that have been fully litigated.[3] The doctrine of res judicata prevents a party from re-litigating claims that were "the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005), *cert.*

---

[3] The property at issue in both the District Court's ruling and Plaintiff's request for a temporary restraining order is: 389 East 1090 North in Orem, Utah, known by legal description "Lot 1, Plat MOUNTAIN GREEN SUBDIVISION" (the Property).

*denied,* 547 U.S. 1040, 126, S. Ct. 1622, 164 L.Ed.2d 334 (2006). As a result, Mr. Koyle's request for a temporary restraining order is also denied.

IT IS SO ORDERED this 26th day of March, 2018.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge